## THE HAMBURG.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 189.

**1. COLLISION (§ 71\*)—COALING VESSEL—NEGLIGENT MANEUVERS.**

A boat loaded with coal having been sent to coal a steamship that was properly moored, breast out, from a pier, the servants of an independent contractor, bound to perform the work of coaling, so negligently moved the coal boat between the bow of a boat moored inside the slip and the stern of the steamship that she struck the steamship's starboard propeller and sustained considerable damage. The steamship was not moving her propellers, and none of her officers or crew had anything to do with the maneuver performed exclusively by the coaling company. *Held*, that the steamship was not at fault, though no notice was given that she had twin screws, the blades of which were near the surface, and had failed to provide a floating fender.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 101; Dec. Dig. § 71.\*]

**2. INDEMNITY (§ 13\*)—IMPLIED CONTRACTS—COALING VESSEL—NEGLIGENCE.**

A contract between a steamship line and a coaling company provided for service charge of 20 cents a ton in transferring coal from boats alongside to the ship's bunkers, the steamship line furnishing and placing coal alongside the ships in boats and removing the boats as required by the coaling company. *Held*, that the servants of the coaling company, in bringing a coal ship alongside a steamship to be coaled, were not loaned to the steamship line, but were doing something which the steamship line ought to have done, and therefore the coaling company could not claim indemnity from the steamship line for the negligence of its own servants in doing the work, causing injury to the coal ship.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13.\*]

Appeal from the District Court of the United States for the Southern District of New York; Learned Hand, Judge.

Libel by the Berwind-White Coal Mining Company against the Hamburg and others. Decree for libelant, and the Hamburg-American Line, claimant, appeals. Reversed.

H. G. Cortis, of New York City, for appellant.

Roderick Terry, Jr., of New York City, for appellee Berwind-White Coal Mining Co.

Convers & Kirlin, of New York City (J. P. Kirlin, and Russell T. Mount, both of New York City, of counsel), for appellee De Mayo Coaling Co.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. [1] May 5, 1910, the libelant's boat Eureka No. 2 was sent with coal for the steamship Hamburg to the pier of the Hamburg-American Line in Hoboken. The steamship was lying breasted out from the pier, and the boat was moored in the slip about 15 feet astern of her and outside of another coal boat. Early the next morning the De Mayo Coaling Company's servants, wanting to get the boat alongside the steamship, moved her between the bow of the inside boat and the stern of the steamship, but so negligently that she struck the starboard propeller and sustained considerable damage. The libel was filed against the steamer in rem. We discover no ground whatever for such a liability. The steamship was properly moored, was not moving her propeller, and none of her officers or crew had anything at all to do with the maneuver which was being performed exclusively by the De Mayo Coaling Company.

The Hamburg-American Line, under the fifty-ninth rule in admiralty, brought in the De Mayo Company as a party, charging that the damage was due to its negligence. The De Mayo Company replied that the cause of the accident was the negligence of the Hamburg Line in not giving notice that the steamship had twin screws, whose blades were near the surface of the water, and in failing to provide a floating fender. This charge was but faintly pressed, and the likelihood that the De Mayo Company did not know all about these circumstances was small. See The Willie (D. C.) 29 Fed. 153.

[2] The contract between the De Mayo Company and the Hamburg Line provided that the De Mayo Company should take entire charge of coaling the Hamburg Line's steamships and article III further provided:

"III. The party of the first part [Hamburg-American Line] agrees to pay the party of the second part [the De Mayo Coaling Company] for such service 20 cents per ton for every ton of 2,240 pounds of coal taken from boats alongside the ship and deposited and trimmed in the bunkers of the ship."

And also:

"It is further understood that the party of the first part [Hamburg-American Line] will furnish and place coal alongside the ships in boats and remove said boats as required by the party of the second part [De Mayo Coaling Company]."

The trial judge rightly construed these provisions as requiring the Hamburg Line to bring the boats alongside and to remove them, and as making it the duty of the Coaling Company to discharge the boats when alongside by means of its patent elevator. But he held that, though the De Mayo Company's servants negligently moved the boat, the steamship was responsible to the libelant, because the Hamburg Line allowed or impliedly requested the De Mayo Company to act for it in the premises. We think this was erroneous.

Even if the relation between the Hamburg Line and the De Mayo Company was that of principal and agent, it is unnecessary to inquire whether the Line would also have been liable to the libelant in an action in personam. The De Mayo Company was primarily liable. It was an independent contractor. It moved the boat without any supervision from the Hamburg Line. Its servants were not loaned to the

Hamburg Line to do something which that Line was supervising. On the contrary, the De Mayo Company was doing by means of its own servants something for the Hamburg Line, or something which the Hamburg Line ought to have done. It cannot claim indemnity from the Hamburg Line for its own negligence in doing the work it undertook.

The decree is reversed, with costs to the Hamburg Line against the libelant, and with directions to the court below to enter a decree for the libelant against the De Mayo Coaling Company, with interest and costs.